ERSKINE & GORE v. STEAM BOAT THAMES.

MAY TERM
1840.

Erskine and
Gore
vs.
Steam boat
Thames.

1. Not guilty, is not a good plea to a complaint, founded upon contract, filed against a steam boat, under the act concerning "boats and vessels." The plea must correspond with the nature of the complaint.

2. Where the complaint is founded upon the non-performance of a contract of affreightment, for the delivery of goods, the plaintiff need not aver, in his complaint, a demand for the delivery of the goods.

3. The carrier is bound to give notice of the arrival of the goods to the persons, to whom they are directed, if they are known to him, and within a reasonable time. Having done this, he would have performed his duty on his contract, by delivering the goods to such person on the bank of the river, at the usual place of delivery.

Error to the Circuit Court of St. Louis County.

*Polk for Plaintiff.*

It is contended by the appellants counsel, that the court below erred, first, in not sustaining the plaintiffs demurrer to the defendants first plea. Second. In over ruling the plaintiffs demurrer, on the ground of the defectiveness of the complaint of the plaintiffs. 1 Chit. Plead. 552 side paging. 1 Chit. pl. 362. 1 Saund. 33 a note 2. 1 Chit. plead. 363 side paging and 2 New. Rep. 355. Gould's pleading, page 176, chap. 4, sect. 15. Story's Bailment page 344, sect's 540, 543 and 545.

*King and Tunstall for Defendant.*

The defendant in error contends, that the circuit court did not err in over ruling said demurrer; that said complaint is not sufficient in law, to enable the plaintiffs in error to have and maintain their aforesaid ac ion.

That the said complaint is defective in this, that it is no where averred, in said complaint, that a demand was made on the defendant in error for the delivery of said goods in the port of St. Louis, by the plaintiffs in error, or by any other person authorized, and a refusal on the part of the defendant; and that, without such an averment, the ,said complaint is bad in law; and that the said complaint is otherwise defective, and not in compliance with the said statute of Missouri.

*Opinion of the Court delivered by Tompkins Judge.*

Erskine and Gore sued the steam boat Thames in the circuit court. Judgment, in that court, was rendered in favor

Y

Erskine and Gore vs Steam boat Thames.

of the steam boat; and Erskine and Gore prosecute this writ of error, in order to reverse that judgment.

The complaint set forth, that the complainants had a demand against the steam boat Thames; that on the 6th day of May 1839, certain goods were shipped on board of the said steam boat, which were to be delivered, without delay, (the dangers of the river navigation, and fire, excepted,) to the plaintiffs at the port of St. Louis Missouri, they paying freight, &c.: and, that neither the said goods, nor any part thereof, had been delivered to the plaintiffs. To this complaint, the steam boat Thames, by its attorney, pleaded not guilty, and the plaintiffs demurred specially to the plea, assigning for cause, that the complaint is founded on a contract, and that the plea sounds in tort. The action in this case is certainly founded on the contract, and the authorities are, that the plea of not guilty, to a declaration in assumpsit, is bad on demurrer, but would be aided by verdict. Sec. 1st, Chit. p. 511, note s., and authorities cited.

*Not guilty, is not a good plea to a complaint, founded upon contract, filed against a steam boat, under the act concerning "boats and vessels." The plea must correspond with the nature of the complaint*

But it is contended, that the complaint, or declaration, is bad, in not averring a demand of the goods. The plaintiffs rely on the 540th, 543rd and 545th sections of Story's Commentaries, to prove, that, when a carrier undertakes to deliver the goods to the owner, he is chargeable for any loss before such delivery, although in all respects, he has followed the general custom of the place. The commentator says: "A question often arises in practice, whether the carrier is 'bound to make a personal delivery of the goods to the own-'er, or not. This may admit of different answers, according 'to circumstances. The manner of delivering the goods, and 'consequently the period, at which the responsibility of the 'carrier will cease, may in many instances, depend upon 'a special contract between the parties. If there is any spe-'cial contract between the parties, or any local custom or 'usage of trade on the subject, that will govern; the former 'as an express, the latter as an implied term in the contract. 'But in the absence of any special contract, or custom, or 'usage, probably no general rule can be laid down. How-'ever this may be, it seems clear, that carriers are bound to 'give notice of the arrival of goods to the persons, to whom

*Where the complaint is founded upon the non-performance of a contract of*

'they are directed, if they are known to them, and within a 'resonable time; they must take care, at their peril, that the 'goods are delivered to the right person; for, otherwise, they 'will become responsible." The contract in this case, was to deliver to the plaintiffs, or to their assigns, at the port of St. Louis. The rule last above mentioned, viz: the carrier ought to give notice of the arrival of the goods, is what ought, in my opinion, to govern this case. The plaintiffs could not reasonably be expected to wait at the port, for perhaps a week or more, in expectation of the arrival of the goods. Yet it would be their duty, to be either themselves in the neighborhood, or to have an agent near, so that the carrier, by using a reasonable degree of diligence, might find out some person authorized to receive the goods. Having done this, he would have done his duty on this contract, by delivering the goods to such person, on the bank of the river, at the usual place of delivery. The complaint, or declaration, of the plaintiffs, appears to me have been well framed. The defendant might have pleaded, if it were true, that he was ready to deliver, and made diligent enquiry, &c., or any other matter in bar which would have been a good plea.

The circuit court, in my opinion, committed error in deciding, that the plaintiffs should have averred a demand in their complaint or declaration, and its judgment for that reason, ought, in my opinion, to be reversed, and such being also the opinion of others members of this court, it is reversed.

MAY TERM
1840.

Erskine and Gore vs. Steam boat Thames.

affreightment for the delivery of goods, the plaintiff need not aver in his complaint a demand for the delivery of the goods.

The carrier is bound to give notice of the arrival of the goods to the persons, to whom they are directed, if they are known to him, and within a reasonable time. Having done this, he would have performed his duty on his contract, by delivering the goods to such person on the bank of the river, at the usual place of delivery.